# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

Civil Division

| | | |
|---|---|---|
| Michael Grasso | ) | Case No. 4:21-cv-310-WS/MJF |
| | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | Jury Trial: *(check one)* ✔ Yes ☐ No |
| -v- | ) | |
| Ard Contracting, an Alabama Corporation, Dan Varner in his capacity as an FSU police officer, Nick(Last name unknown) in his capacity as an FSU police officer, Scott Powell in his capacity as WCSO deputy. | ) | |
| *Defendant(s)* | ) | |

2nd Amended **COMPLAINT FOR A CIVIL CASE**

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Michael Grasso |
   | Street Address | 2017 Gardenbrook Lane |
   | City and County | Tallahassee, Leon County |
   | State and Zip Code | Florida 32301 |
   | Telephone Number | 305 699 2020 |
   | E-mail Address | MichaelGrasso6984@gmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.


FILED USDC FLND TL
NOV 19 '21 PM2:36

Defendant No. 1

| | |
|---|---|
| Name | Ard Contracting Inc. |
| Job or Title *(if known)* | |
| Street Address | 120 Office Park Dr. |
| City and County | Mountain brook, Jefferson County |
| State and Zip Code | Alabama 35223 |
| Telephone Number | 205 870 0035 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Dan Varner |
| Job or Title *(if known)* | Detective FSU Police Department |
| Street Address | 830 W. Jefferson St. |
| City and County | Tallahassee, Leon County |
| State and Zip Code | Florida 32304 |
| Telephone Number | 850 644 1234 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Nick (Last Name Unkknown) |
| Job or Title *(if known)* | Officer FSU Police Department |
| Street Address | 830 W. Jefferson St. |
| City and County | Tallahassee, Leon County |
| State and Zip Code | Florida 32301 |
| Telephone Number | 850 644 1234 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | Scott Powell |
| Job or Title *(if known)* | Detective, Wakulla County Sheriff's Office |
| Street Address | 15 Oak St. |
| City and County | Crawfordville, Wakulla County |
| State and Zip Code | Florida 32327 |
| Telephone Number | 845 745 7199 |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question            [✔] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

4th Ammendment to the US Constitution

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* Michael Grasso, is a citizen of the State of *(name)* Florida.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

      b.     If the defendant is a corporation

            The defendant, *(name)* Ard Contracting inc. , is incorporated under the laws of the State of *(name)* Alabama , and has its principal place of business in the State of *(name)* Alabama .

            Or is incorporated under the laws of *(foreign nation)* ,

            and has its principal place of business in *(name)* .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
DEFENDANTS conspired and stripped PLAINTIFF of his civil rights. Detained and Displayed and embarrassed PLAINTIFF like a criminal along the side of the main road in the town PLAINTIFF had recently moved to, permanently tarnishing his reputation.

III.    **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached Statement of Claim

IV.    **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

PLAINTIFF asks for general damages, special damages and punative damages in an amout appropriate to punish DEFENDANTS and deter others from engaging in similar misconduct on appropriate legal causes of action.

**V.**  **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.**  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: ~~08/17/2021~~ 11/19/2021

Signature of Plaintiff

Printed Name of Plaintiff  Michael Grasso

**B.**  **For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

Civil Division

| | | |
|---|---|---|
| Michael Grasso, an individual | ) | Case number 4:21-cv-310-WS/MJF |
| | ) | |
| Plaintiff | ) | COMPLAINT FOR DAMAGES |
| | ) | |
| vs | ) | (1) INTENTIONAL INFLICTION |
| | ) | OF EMOTIONAL DISTRESS |
| Ard Contracting, an Alabama | ) | |
| Corporation, Officer Dan Varner in his | ) | (2) ILEGAL SEARCH AND SEIZURE |
| capacity as an FSU police officer, | ) | |
| Officer Nick(Last name unknown) in | ) | (3) FALSE IMPRISONMENT |
| his capacity as an FSU police officer, | ) | |
| WCSO Detective Scott Powell | ) | |
| in his capacity as a Wakulla | ) | |
| County Sheriff's officer | ) | |
| Defendants. | ) | |

Jury Trial Demand

## 2nd AMENDED
## STATEMENT OF CLAIM
## GENERAL ALLEGATIONS

1.  On July 29, 2019, PLAINTIFF had purchased a piece of surveying/construction equipment referred to by DEFENDANT Ard as a total station (The Unit) that was advertised on an online marketplace called Offerup.com. When inspecting the Unit PLAINTIFF noticed a calibration sticker in the case but could not inspect it close enough to read it. When PLAINTIFF returned home with the unit he found the name of Ard Contracting on the calibration sticker. Immediately upon returning home with the unit, PLAINTIFF googled Ard Contracting and located the company in Alabama, PLAINTIFF immediately contacted DEFENDANT Ard to tell them he had purchased The Unit online and upon inspecting it found a calibration sticker with DEFENDANT Ard's name on it.

PLAINTIFF called to make sure the unit was not stolen and to determine if DEFENDANT Ard was the rightful owner or just a previous owner. PLAINTIFF wasted no time in contacting DEFENDANT Ard's Offices in Alabama to verify if DEFENDANT Ard did in fact have an interest in the property or if it was just an old sticker. PLAINTIFF spoke with a Mr. Ard. DEFENDANT Ard claimed to have interest in the property and asked PLAINTIFF to contact Dale, last name unknown.

2. Dale was an Ard employee working in Perry, Fl, who according to DEFENDANT Ard, was not only closer to PLAINTIFF'S location but also would know more about the Unit and the circumstances surrounding its disappearance. Mr. Ard was thankful and amazed that the unit, which he valued at $10,000 and stated was uninsured, was bought for $150 and was going to be returned. Mr. Ard promised to make PLAINTIFF whole and offer PLAINTIFF a token reward. PLAINTIFF never asked for or demanded anything for his good deed.

3. Immediately upon hanging up with DEFENDANT Ard, PLAINTIFF called DEFENDANT Ard employee Dale. Dale informed PLAINTIFF the unit was stolen and reported to Tallahassee Police Department (TPD) a couple of weeks earlier. When PLAINTIFF told Ard rep Dale, that the seller had other equipment, Dale told PLAINTIFF there was also other equipment they were missing from the theft and asked PLAINTIFF to try and find out if the seller had their other equipment as well. Dale gave PLAINTIFF a description of other stolen equipment such as Topcon levels for PLAINTIFF to keep a look out for online and ask the seller about directly. PLAINTIFF and Dale had several conversations and text messages and stayed in close conduct from beginning to end,

4. PLAINTIFF risked his personal safety and contacted the seller and verified the seller had more of DEFENDANT Ard's stolen equipment including the Topcon levels. At 1:26 on Wednesday, July 31, Dale sent the following text message regarding "his guy" setting up an account to communicate with seller/thief in order to try and find their other equipment:

> *Message by (205) 281-7594: It is, my guy has set up an account and has messaged him to. The police investigated is off till Monday. We are trying to get someone else involved in the case, Wednesday, July 31 2019, 1:26 PM*

Later that evening at 7:32 Dale mentioned having contact with the Tallahassee Police Department during the day in the following message:

> *Message by (205) 281-7594: The last I heard today was that the Tally police are setting up a sting operation on him. They asked us not to have any contact with him. But to alert them if he contacts us., Wednesday, July 31 2019, 7:32 PM*

One minute later Dale thanks PLAINTIFF with the following message

> **Message by (205) 281-7594: Again I can't thank you enough with you honesty! You don't see that much today., Wednesday, July 31 2019, 7:33 PM**

5. PLAINTIFF tried calling the Tallahassee Police department and was told there was no such case regarding DEFENDANT Ard Contracting or Dale reporting the equipment, now in PLAINTIFF'S possession, as stolen. PLAINTIFF told DEFENDANT Ard's employee Dale that Tallahassee Police Department said there was no case filed by DEFENDANT Ard for the "Stolen Unit."
PLAINTIFF contacted DEFENDANT Ard thru contact Dale numerous times between Wednesday and Thursday. On Thursday August 1, 2019 Dale instructed PLAINTIFF to contact DEFENDANT Ard Inc. employee James Beard. PLAINTIFF called James Beard and discussed the case. PLAINTIFF asked for contact information for the police investigating the theft.

6. James Beard told PLAINTIFF that the Tallahassee police tried to sting the seller the previous night but never gave relevant police contact information to PLAINTIFF. The seller of the stolen property then contacted PLAINTIFF to say he was leaving town to go to Atlanta and couldn't meet to sell the rest of the equipment.

7. PLAINTIFF sent the following communication to Dale after speaking with James:

> *Message by You:James said the tally police tried to meet him last night but scared him off and he said he was leaving for atlanta, Thursday, August 1 2019, 12:18 PM*

PLAINTIFF again told Dale that he called Tallahassee Police Department and they said there

was no record of the theft or a report of theft by DEFENDANT Ard. Dale could not explain why the TPD said there was no case.

8. Over those 2 days neither DEFENDANT Varner or Nick, ever tried to contact PLAINTIFF and PLAINTIFF requested police officer contact information from Dale several times. Dale stated he gave police PLAINTIFF"s contact information and was confused as to why Police had not contacted PLAINTIFF. Dale later confessed DEFENDANT Ard's employees both lied and said it was the TPD because they were told to say that by DEFENDANTS Varner and Nick who didn't want PLAINTIFF contacting them.

9. It is PLAINTIFF'S understanding that due to PLAINTIFF'S actions DEFENDANT Ard eventually got the rest of their stolen property including the Topcon levels worth thousands of dollars. It was only after PLAINTIFF was unlawfully detained and searched and humiliated on the side of the road by DEFENDANTS Powell, Varner and "Nick" that DEFENDANT Ard employee Dale admitted he intentionally lied about which police department was handling the case in order to prevent PLAINTIFF from contacting them. DEFENDANT Ard claimed DEFENDANT Varner directed them to lie and conspire to the detriment of PLAINTIFF'S well being.

10. On the afternoon of August 1, DEFENDANT Ard contacted PLAINTIFF via messages through DEFENDANT Ard employee James Beard's cell phone number and said they needed to retrieve the Unit the following morning.

11. DEFENDANT Ard's Beard stated he would drive to St. Marks, where PLAINTIFF was staying to pick up the Unit and reimburse PLAINTIFF for the $150 spent along with something to say thank you. PLAINTIFF agreed to meet James Beard at a time convenient for James Beard, at the car wash/self storage in St. Marks. Unbeknownst to DEFENDANTS, PLAINTIFF had a storage unit where he was keeping the Unit for safe keeping and where PLAINTIFF was also keeping all of his tools and a project boat he was working on. Instead of DEFENDANT Ard showing up DEFENDANTS Varner and Nick showed up, neither in uniform and neither offering ID. Then a third

officer, DEFENDANT Powell popped out and immediately handcuffed PLAINTIFF, without explanation.

12. DEFENDANT Varner then identified himself and DEFENDANT later identified as "Nick" refused to identify himself when asked. DEFENDANTS also refused to give PLAINTIFF Nick's last name in later conversations. PLAINTIFF overheard his name as Nick while down at the Sheriff's Station.

13, DEFENDANT Powell kept PLAINTIFF handcuffed while DEFENDANTS Varner and Nick ransacked PLAINTIFF'S truck. They took PLAINTIFF'S phone from his truck which is kept unlocked and started reading aloud PLAINTIFF'S personal text messages. PLAINTIFF protested the entire time, stating police had no right to go thru his phone and he had done nothing to be handcuffed for. Powell went on to threaten to impound PLAINTIFF'S service dog and have PLAINTIFF held in jail for 5 days in which time, his service dog could be euthanized.

14. Eventually, PLAINTIFF, for fear of the police erasing important messages that he would need to clear his name, acquiesced and showed them how to find the messages from the seller of the equipment thru the app, Offer-up, that the seller was using for selling the unit. Powell then took the handcuffs off PLAINTIFF so he could unlock his storage unit and retrieve the unit from five feet away. Varner then proceeded to search PLAINTIFF'S storage bin without a warrant, even after he was given the unit in question and told by PLAINTIFF to stay out of the storage unit.

15. After retrieving the unit DEFENDANT Varner made a comment stating, "I guess we aren't the Keystone Cops now are we? You're lucky we don't lock you up for possession of stolen property and shelter your dog." This was a clear indication to the PLAINTIFF that he had been made aware of the text messages and was unhappy with the moniker Keystone Cops and was prepared to make PLAINTIFF suffer because of it, even if it meant violating PLAINTIFF'S civil rights.

16. DEFENDANTS Varner, Nick and Powell then refused to return PLAINTIFF'S phone and stated if he wanted it back he would have to go to the WCSO station to retrieve it. PLAINTIFF followed the

police to the station and was made to sit for approximately 90 minutes without his phone nor view of his phone, while detectives went thru it in another room. Upon exiting the station, Detective Ed Wester said they would be returning PLAINTIFF'S money for purchasing the unit and gave PLAINTIFF his business card. Wester has since never answered a phone call and PLAINTIFF never got a dime of his money back or even a receipt for the equipment they seized.

### COUNT ONE: Intentional Infliction of Emotional Distress Against Defendants Ard, Powell, Varner and Nick.

17. At all relevant times PLAINTIFF was a disabled male living with his service dog, Zuko, residing in Wakulla County with a mailing address in Tallahassee, Leon County.

18. DEFENDANTS Ard, Powell, Varner and Nick's conduct caused PLAINTIFF to suffer severe emotional distress.

19. DEFENDANT'S conduct was outrageous because it goes beyond all bounds of decency.

20. DEFENDANT'S conduct was outrageous because a reasonable person would regard the conduct as intolerable in a civilized society.

21. DEFENDANTS intended to cause PLAINTIFF'S emotional distress or acted with reckless regard of the probability that PLAINTIFF would suffer emotional distress, knowing that DEFENDANTS were intentionally plotting against PLAITIFF and intentionally preventing PLAINTIFF from taking the equipment to the police or returning it directly to DEFENDANT Ard. Ard conspired with Police to sting PLAINTIFF for doing a good deed after PLAINTIFF made comments regarding how ineffective police were, including calling them Keystone Cops in text messages for not being able to locate the stolen unit that had been advertised for sale for a week on a website that WCSO and DEFENDANT Varner claim frequently advertises stolen property.

22. Once DEFENDANTS Varner and Powell became aware that PLAINTIFF'S service dog was for psychiatric disabilities. They continually, with malice, threatened PLAINTIFF with arrest and the sheltering and possible euthanizing of PLAINTIFF'S service dog with the intent of causing severe emotional distress to PLAINTIFF.

**COUNT 2: Illegal Search and Seizure against Defendants Powell, Varner, and Nick**

23. At all relevant times PLAINTIFF was a disabled male living with his service dog, Zuko, residing in Wakulla County with a mailing address in Tallahassee, Leon County.

24. PLAINTIFF was handcuffed by DEFENDANT Powell without explanation against his will.

25. PLAINTIFF at no time consented to having his vehicle, phone or storage unit searched by DEFENDANTS Varner and Nick.

26. PLAINTIFF at no time consented to having his phone confiscated and removed to WCSO's office for further searching by DEFENDANT Powell and others.

27. DEFENDANT Powell illegally detained PLAINTIFF in handcuff while DEFENDANTS Varner and Nick illegally searched PLAINTIFF'S vehicle, phone and storage unit and confiscated PLAINTIFF'S phone.

28. PLAINTIFF continually verbally objected to his detainment, the illegal search of his vehicle and storage facility, and the illegal confiscation of his telephone.

**COUNT 3: False Imprisonment Under Florida Law against Defendants Powell, Varner, and Nick**

29. At all relevant times PLAINTIFF was a disabled male living with his service dog, Zuko, residing in Wakulla County with a mailing address in Tallahassee, Leon County.

30. PLAINTIFF was wrongfully restrained, confined and or detained by DEFENDANT Powell.

31. DEFENDANT Powell deprived PLAINTIFF of his freedom of movement for no legal reason.

32. DEFENDANT Powell demanded PLAINTIFF follow them to WCSO's office if PLAINTIFF wanted to retrieve his phone and be paid back his money for purchasing the property and returning it.

33. WSCO held PLAINTIFF'S phone from him for 90 minutes or more while they searched and presumably copied all of PLAINTIFF"s personal information, contacts, pictures, and anything else one would keep in their phone.

34. PLAINTIFF was held for 90 minutes in a conference room without his phone and was refused an advocate on his behalf,

35. DEFENDANT Powell told PLAINTIFF he was not entitled to any advocate, while DEFENDANTS Varner and Nick were searching PLAINTIFF"S vehicle and storage unit against PLAINTIFF'S demands.