# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

MICHAEL GRASSO, an individual,

    Plaintiff,

v.                           CASE NO.: 4:21cv310 WS/MJF

ARD CONTRACTING, an Alabama
Corporation, Officer Dan Varner in his
capacity as an FSU police officer,
WCSO Detective Scott Powell in his
capacity as a Wakulla County Sherriff's officer,

    Defendants.
_____/

## **DEFENDANT ARD CONTRACTING, INC.'S MOTION TO DISMISS**

Defendant, ARD CONTRACTING, INC. ("Ard"), moves to dismiss the claim asserted against it in the "2nd Amended Statement of Claim" of Plaintiff, MICHAEL GRASSO ("Plaintiff"), and states the following in support:

### **BACKGROUND**

1.    Plaintiff's claims arise out of his purchase of a piece of stolen surveying/construction equipment owned by Ard. Plaintiff indicates the equipment is valued at $10,000.00 and that he purchased it for $150.00 through a website called Offerup.com.

2.    Plaintiff alleges he communicated variously with employees and representatives of Ard after discovering the equipment was stolen. Ultimately, he

1

planned a meeting with an employee of Ard to return the equipment. However, law enforcement officers appeared at the scheduled meeting instead.

3. According to Plaintiff, the law enforcement officers engaged in various improper actions at and immediately following the meeting. No one from Ard was present at the meeting or had any involvement in the alleged actions of the law enforcement officers.

4. As detailed below, Plaintiff fails to state a claim against Ard for intentional infliction of emotional distress and his Second Amended Complaint should be dismissed.[1]

## ARGUMENT AND MEMORANDUM OF LAW

A motion to dismiss should be granted "if the facts as plead in the complaint do not state a claim for relief that is plausible on its face." *Beaulieu v. Bd. of Trustees of Univ. of W. Florida*, 3:07cv30-RV-EMT, 2007 WL 2900332, *2 (N.D. Fla. Oct. 2, 2007). "Facial plausibility is found where 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Demetrius Gibson, et al. v. Andrea Minyard, et al.*, 3:21-cv-

---

[1] Ard contends that dismissal should be with prejudice because Plaintiff has been given multiple opportunities to amend, and even "a more carefully drafted complaint could not state a claim[]" against Ard for intentional infliction of emotional distress. *Tucker v. Jones*, 2019 WL 4394746, *1, Case No. 5:17cv280-TKW-HTC (N.D. Fla. Sept. 13, 2019) (citing *Alberto v. Sec'y, Fla. Dep't of Corr.*, 770 Fed.Appx. 467, 469 (11th Cir. 2019) (quoting *Woldeab v. Decalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)).

00774-MCR-EMT, pg. 9 (N.D. Fla. Mar. 22, 2022) (internal citations omitted). "Mere legal conclusions lacking 'adequate factual support' are not entitled to an assumption of truth." *Id*. (citing *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Sec. & Exch. Comm'n v. Bailey*, 4:16cv23-RH-CAS, 2016 WL 4942080, *1 (N.D. Fla. Apr. 27, 2016) (noting that although factual allegations are accepted as true for purposes of a motion to dismiss, legal conclusions are not) (internal citations omitted). A motion to dismiss is the appropriate mechanism to seek the elimination of legally insufficient claims as well as improper demands, such as for punitive damages, rather than a motion to strike. *See Beaulieu v. Bd. of Trustees of Univ. of W. Florida*, 2007 WL 2900332 at *8.

Count I is the only claim Plaintiff asserts against Ard. In this Count, Plaintiff attempts to state a claim for intentional infliction of emotional distress against Ard, Powell, Varner and Nick. To state such a claim under Florida law, a plaintiff must establish four elements: (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe. *Knudsen v. Higgins*, No. 6:09-CV-1060-ORL-31, 2011 WL 1519753, at *7 (M.D. Fla. Apr. 20, 2011) (citing *Liberty Mut. Ins. Co. v. Steadman*, 968 So.2d 592, 594 (Fla. 2d DCA 2007)). In the present case, Plaintiff's claim for intentional infliction of emotional distress is due to be dismissed because Plaintiff

has not alleged conduct that may be considered "outrageous" as a matter of law.[2]

The question of whether conduct amounts to "outrageous" is a question of law, not a question of fact. *Steadman*, 968 So.2d at 595. In determining whether conduct is outrageous for purposes of a claim for intentional infliction of emotional distress, Florida law has incorporated the Second Restatement of Torts's definition:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. ***Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"***

*Gallogly v. Rodriguez*, 970 So. 2d 470, 471-72 (Fla. 2d DCA 2007) (emphasis added) (quoting Restatement (Second) of Torts § 46, cmt. d (1965)); *see also Wimberly v. Smith*, No. 1:11-cv-211-MP-GRJ, 2012 WL 5258491, at *2 (N.D. Fla. March 6, 2012) (same) (citing *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278–79 (Fla. 1985)). Applying this standard, the circumstances under which a claim is cognizable are extraordinarily limited.

---

[2] Ard does not concede that Plaintiff can establish the other elements necessary to state a claim for intentional infliction of emotional distress.

4

In this case, the majority of the intentional infliction of emotional distress allegations against Ard are legal conclusions.  For example, Plaintiff alleges that "DEFENDANTS Ard, Powell, Varner and Nick's conduct[3] caused PLAINTIFF to suffer severe emotional distress[,]" that "DEFENDANT'S (sic) conduct was outrageous because it goes beyond all bounds of decency[,]" and that "DEFENDANT'S (sic) conduct was outrageous because a reasonable person would regard the conduct as intolerable in a civilized society."  *See* Doc. 9 at ¶¶s 18-20.  These allegations are simply recitations of the claim's elements and lack adequate factual support.

The only arguably specific allegations that relate to Plaintiff's claim against Ard can be stated as follows: (1) Plaintiff alleges that Ard employees Dale and Beard advised him that the Tallahassee Police Department ("TPD") was handling the investigation of stolen equipment when the investigation was actually being handled by FSU police, and that Dale and Beard were directed to tell Plaintiff this by Officers Varner and Nick "in order to prevent PLAINTIFF from contacting them;" (Doc. 9 at ¶ 8-9); and (2) Plaintiff alleges that "Ard conspired with Police to sting

---

[3] Plaintiff's Second Amended Complaint also violates the Federal Rules of Civil Procedure and constitutes an impermissible shotgun pleading to the extent that it fails to specify which defendants are responsible for which acts or omissions and, instead, groups all defendants together in alleging their conduct was outrageous and caused Plaintiff severe emotional distress.  *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321-24 (11th Cir. 2015) (footnotes omitted).

5

PLAINTIFF for doing a good deed after PLAINTIFF made comments regarding how ineffective police were, including calling them Keystone Cops in text messages for not being able to locate the stolen unit that had been advertised for sale for a week on a website that WCSO and DEFENDANT Varner claim frequently advertises stolen property[;]" (Doc. 9 at ¶ 21).  These allegations, however, establish nothing more than Ard's cooperation with law enforcement in investigating the stolen equipment at issue.

Plaintiff does not allege, and cannot allege because it would be patently false, that Ard intended for any law enforcement officers to commit an alleged illegal search and seizure against Plaintiff or allegedly falsely imprison Plaintiff, or that Ard directed or had anything to do with the conduct of the officers during the incident at the storage unit or thereafter.  No Ard employee was even present when these events allegedly occurred, as Ard employee Beard had been advised by law enforcement that he could not attend because of safety concerns.  Even when considering every factual allegation in the light most favorable to Plaintiff, the allegations fall far short of establishing the outrageous and extreme conduct necessary to establish the claim as a matter of law.  Plaintiff's claim is due to be dismissed.

## CONCLUSION

WHEREFORE, Defendant, ARD CONTRACTING, INC., respectfully

requests that this Court enter an Order dismissing Plaintiff's "2nd Amended Statement of Claim" as to Ard Contracting, Inc. with prejudice, award Ard Contracting, Inc. its costs, and enter any other relief the Court deems appropriate.

/s/ Andrew M. Spencer
**JEREMY C. BRANNING**
Florida Bar Number: 507016
**ANDREW M. SPENCER**
Florida Bar Number: 0119966
CLARK PARTINGTON
P.O. Box 13010
Pensacola, FL 32591-3010
Phone: (850) 434-9200
Email: jbranning@clarkpartington.com
Email: aspencer@clarkpartington.com
2nd Email: pmimperial@clarkpartington.com
2nd Email: jdallman@clarkpartington.com

## CERTIFICATE OF WORD COUNT COMPLIANCE

I HEREBY CERTIFY that this Motion to Dismiss contains 1,402 words, counted as provided in Local Rule 7.1(F).

/s/ Andrew M. Spencer
**ANDREW M. SPENCER**

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of the Court, furnished to all counsel of record through the Court's CM/ECF electronic filing system, and served on Plaintiff via e-mail and U.S. Mail this 6th day of May, 2022:

Michael Grasso
2017 Gardenbrook Lane
Tallahassee, FL 32301
Michaelgrasso6984@gmail.com

                                             */s/ Andrew M. Spencer*
                                             **ANDREW M. SPENCER**