UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL GRASSO,

    Plaintiff,

v.                                              Case No. 4:21-cv-310-WS/MJF

ARD CONTRACTING, INC., *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael Grasso, proceeding *pro se*, commenced this action against four Defendants: Ard Contracting, Inc. ("Ard"); Florida State University ("FSU") Police Officers Tyler Varner and Nicholas Gray; and Wakulla County Sheriff's Office ("WCSO") Detective Scott Powell. Doc. 9. As relevant here, Plaintiff asserts only one claim against Ard: intentional infliction of emotional distress. *Id.* at 11. Ard filed a motion to dismiss asserting that Plaintiff's second amended complaint failed to state a facially-plausible claim for relief. Doc. 14. Plaintiff filed a response in opposition to the motion to dismiss. Doc. 22; Doc. 32. Because Plaintiff has failed to state a claim upon which relief can be granted, the District Court should grant Ard's motion to dismiss Plaintiff's claim of intentional infliction of emotional distress.

Page 1 of 14

I. BACKGROUND

The facts recounted below are taken from Plaintiff's second amended complaint, Doc. 9, and are assumed to be true for the purposes of this motion to dismiss.

On July 29, 2019, Plaintiff purchased a piece of survey/construction equipment ("the Unit") from an online marketplace known as "Offerup.com." *Id.* ¶ 1. Upon receiving the Unit, Plaintiff noticed that the Unit had a calibration sticker that indicated that Ard had—at one point—a possessory interest in the Unit. *Id.* To determine whether Ard still had a possessory interest in the Unit, Plaintiff contacted Ard. *Id.* Ard, through its employee—"Mr. Ard"—confirmed that Ard had a possessory interest in the Unit and asked Plaintiff to contact an Ard employee, "Dale."[1] *Id.*

After speaking with Mr. Ard, Plaintiff called Dale and advised him that Plaintiff had purchased the Unit from a seller on Offerup.com. Doc. 9 ¶ 2. Dale informed Plaintiff that the Unit and other Ard equipment had been stolen. *Id.* Dale reported that Ard had filed a police report with the Tallahassee Police Department ("TPD") regarding the theft. *Id.* Plaintiff informed Dale that the seller also was selling other equipment. At Dale's behest, Plaintiff reached out to the seller and verified that he possessed additional pieces of Ard's equipment. *Id.* ¶¶ 2-3.

---

[1] Plaintiff does not allege Dale's surname or Mr. Ard's Christian name.

On or about July 31, 2019, Plaintiff contacted the TPD about the pending investigation regarding Ard's stolen equipment. *Id.* ¶ 5. TPD denied that it had a pending investigation. Plaintiff then reported this to Dale. Doc. 9 ¶ 5.

On August 1, 2019, Dale instructed Plaintiff to reach out to another Ard employee, James Beard. *Id.* Plaintiff did so, and Beard informed Plaintiff that the TPD "tried to sting the seller the previous night." *Id.* ¶ 6. The seller of the stolen property then related to Plaintiff that he was leaving town. *Id.* Plaintiff then messaged Dale and relayed the following: "[The seller] said the tally police tried to meet him last night but scared him off and he said he was leaving for Atlanta." *Id.* ¶ 7. During this conversation, Plaintiff reiterated that he called the TPD and was told that there was no pending investigation regarding Ard's stolen equipment. At that time, Dale did not explain why the TPD said there was no pending investigation.[2] *Id.*

Later that afternoon, Beard informed Plaintiff that Ard needed to retrieve the Unit on August 2, 2019. Doc. 9 ¶ 10. Beard and Plaintiff agreed that Beard would meet Plaintiff at the car wash/self storage in St. Marks. *Id.* ¶ 11. On August 2, 2019, Plaintiff went to his storage unit to meet someone from Ard and return the Unit. Plaintiff encountered instead Officers Varner, Gray, and Powell. *Id.*

---

[2] Plaintiff asserts that Defendants Varner and Gray advised Ard employees not to tell Plaintiff that FSU police were investigating the theft of the equipment.

Powell handcuffed Plaintiff while Varner and Gray searched Plaintiff's truck, found his cellular telephone, and began reading text messages found in Plaintiff's cellular telephone. *Id.* ¶¶ 11, 13. Plaintiff told the officers that they were not authorized to search his phone. Powell responded that he would place Plaintiff in jail for five days.

Plaintiff owns a service dog, and Powell told Plaintiff that he would "impound" Plaintiff's dog while Plaintiff was in jail. *Id.* ¶ 13. Plaintiff eventually consented to show the officers the "conversation" between the seller of the Unit and Plaintiff. Doc. 9 ¶ 14. Powell, therefore, removed the handcuffs. Plaintiff unlocked his storage unit and retrieved the stolen Unit. Officer Varner proceeded to search Plaintiff's storage unit without Plaintiff's consent and without a search warrant. *Id.*

Varner, Gray, and Powell refused to return Plaintiff's cellular telephone to him. *Id.* ¶ 16. Instead, they told Plaintiff that he could retrieve it from the WCSO. Plaintiff went to the WCSO and waited for approximately 90 minutes while his phone was searched by WCSO's staff. Plaintiff alleges that Ard and WCSO employees promised to reimburse Plaintiff for purchasing the stolen equipment, but he alleges that they never did so.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes defendants to move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed.

R. Civ. P. 12(b)(6). At the motion-to-dismiss stage, the court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) (citation omitted). For a claim to survive dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than the mere possibility that the defendant acted unlawfully. *Id.* (citing *Twombly*, 550 U.S. at 556). That is, the complaint's factual allegations must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678 (reiterating that Federal Rule of Civil Procedure 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Doe v. Samford Univ.*, 29 F.4th 675, 685-86 (11th Cir. 2022) (quotation omitted). Additionally, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action will not" state a claim for relief. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But federal courts "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

### III. Discussion

Under Florida law, a person "who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress." *E. Airlines, Inc. v. King*, 557 So. 2d 574, 575-76 (Fla. 1990). To state a claim of intentional infliction of emotional distress, a plaintiff must allege four essential elements:

> (1) the defendant deliberately or recklessly inflicted mental suffering on the plaintiff;
>
> (2) the defendant's conduct was outrageous;
>
> (3) the defendant's conduct caused the plaintiff's emotional distress; and
>
> (4) the plaintiff's emotional distress was severe.

*Moore v. Pederson*, 806 F.3d 1036, 1053 (11th Cir. 2015); *Tillman v. Orange Cnty.*, 519 F. App'x 632, 636 (11th Cir. 2013); *Nettles v. City of Leesburg-Police Dep't*,

415 F. App'x 116, 122 (11th Cir. 2010); *Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990) (citing *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985)).

A.   <u>**Plaintiff Failed to Allege Extreme and Outrageous Conduct**</u>

As to the second element, to allege that a defendant engaged in outrageous conduct a plaintiff must state facts which indicate that the defendant's actions were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *McCarson*, 467 So. 2d at 278-79 (quoting Restatement (Second) of Torts § 46 (1965)); *Lopez v. Target Corp.*, 676 F.3d 1230, 1236 (11th Cir. 2012); *Borneisen v. Cap. One Fin. Corp.*, 490 F. App'x 206, 213 (11th Cir. 2012); *Christman v. Walsh*, 416 F. App'x 841, 845-46 (11th Cir. 2011). Florida law imposes on plaintiffs an extremely high standard with respect to the type of actions that constitute "outrageous conduct." *Pierre v. City of Miramar, Fla., Inc.*, 537 F. App'x 821, 827 (11th Cir. 2013); *Foreman v. City of Port St. Lucie*, 294 F. App'x 554, 557 (11th Cir. 2008); *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1339 (S.D. Fla. 2012).

For example, liability for an intentional infliction of emotional distress claim does not extend to mere insults, indignities, threats, or false accusations. *See Lopez*, 676 F.3d at 1236; *Koutsouradis v. Delta Air Lines, Inc.*, 427 F.3d 1339, 1344-45

(11th Cir. 2005). Mere deception also does not amount to the extreme and outrageous conduct required for a claim of intentional infliction of emotional distress. *Gonzalez-Jimenez de Ruiz v. United States*, 231 F. Supp. 2d 1187, 1200 (M.D. Fla. 2002). The fact that the conduct at issue was tortious, criminal, intended to inflict emotional distress, or characterized by malice is insufficient in itself to constitute "outrageous" conduct. *Moore*, 806 F.3d at 1053; *E. Airlines, Inc.*, 557 So. 2d at 576; *McCarson*, 467 So. 2d at 279. Although there are exceptions, the "'outrageous' conduct necessary to sustain a claim typically requires offensive physical contact." *McGinty v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1341 (M.D. Fla. 2014).

In evaluating whether alleged conduct is sufficiently outrageous, "the court must make an objective determination, and the subjective response of the person suffering emotional distress does not control." *Lincoln v. Fla. Gas Transmission Co.*, 608 F. App'x. 721, 722 (11th Cir. 2015). Whether conduct is sufficiently "outrageous" to state a claim for intentional infliction of emotional distress is a question of law for the court to decide. *Lincoln*, 608 F. App'x at 722; *Borneisen*, 490 F. App'x at 213; *Vance v. S. Bell Tel. & Tel. Co.*, 983 F.2d 1573, 1575 n.7 (11th Cir. 1993). "Only in extremely rare circumstances will courts uphold claims for

intentional infliction of emotional distress." *Gonzales-Jimenez de Ruiz*, 231 F. Supp. 2d at 1199.

As an initial matter, Plaintiff's statements that Ard's conduct was outrageous "because it goes beyond all bounds of decency" and "because a reasonable person would regard conduct as intolerable in civilized society" are legal conclusions and are not entitled to the presumption of truth. Thus, Plaintiff's factual allegations boil down to Ard assisted law enforcement in investigating and recovering Ard's stolen property by (1) lying to Plaintiff about the agency investigating the theft so that Plaintiff did not interfere with the law enforcement investigation of the stolen property, (2) providing Defendants with Plaintiff's electronic communications with Ard employees regarding the Unit and other stolen equipment, and (3) setting up the meeting between Plaintiff and Officers Varner, Gray, and Powell.

Generally speaking, deception—and even false accusations of misconduct—are not sufficiently extreme or outrageous to state a claim of intentional infliction of emotional distress. *Gonzalez-Jimenez de Ruiz*, 231 F. Supp. 2d at 1200 (holding that mere deception is not outrageous conduct); *Valdes v. Gab Robins N. Am., Inc.*, 924 So. 2d 862, 866 (Fla. Dist. Ct. App. 2006) (holding that investigating and making false statements to a state agency, which resulted in the plaintiff's arrest, was "not the type of conduct that is so outrageous in character and extreme in degree as to go beyond the bounds of decency and be deemed utterly intolerable in a civilized

society"); *Williams v. Worldwide Flight SVCS, Inc.*, 877 So. 2d 869, 870 (Fla. Dist. Ct. App. 2004) ("Liability . . . does not extend to mere insults, indignities, threats, or false accusations.").³

The claim that Ard employees misled Plaintiff as to which law enforcement agency was investigating the theft is insufficient to state a claim. Furthermore, it is not extreme or outrageous for a company to assist law enforcement agents in the investigation of a theft or in the recovery of stolen property. *Food Lion, Inc. v. Clifford*, 629 So. 2d 201, 203 (Fla. Dist. Ct. App. 1993) (noting that "[e]ven if we were to find that [the defendants] had somehow exceeded the bounds of propriety in their theft investigation . . . it is clear that the conduct of the defendants . . . simply does not rise to the level of outrageous" to support a claim for intentional infliction of emotional distress); *Southland Corp. v. Bartsch*, 522 So. 2d 1053, 1056 (Fla. Dist. Ct. App. 1988) ("[T]he actor is never liable where he does no more than insist upon his legal rights in a permissible way, even though the actor is well aware that such insistence is sure to cause emotional distress.").

---

³ In response to the motion to dismiss, Plaintiff alleges that Dale made "violent" statements about what Dale would do if he ever met the seller of the stolen equipment. This does not help Plaintiff's claim. A plaintiff cannot amend his complaint through a response to a motion to dismiss. *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015). Second, Plaintiff does not allege what these threats were. Third, Plaintiff asserts that these threatening statements were hypothetical and not directed at Plaintiff insofar as he was not the seller of the stolen equipment.

Ard was entitled to recover its property and could seek the prosecution of anyone responsible for the theft. Thus, Ard was entitled to cooperate with law enforcement officers in the investigation of the theft. This is true even if Ard's cooperation ultimately set in motion an unlawful search or seizure of Plaintiff. *See generally Frias v. Demings*, 823 F. Supp. 2d 1279, 1289 (M.D. Fla. 2011) (noting that even a false arrest—which is the seizure of a person—"is not sufficiently extreme and outrageous absent some other grievous conduct" to constitute intentional infliction of emotional distress); *Valdes*, 924 So.2d at 866 (investigating and then making false statements to state agency which lead to plaintiff's arrest was "not the type of conduct that is so outrageous in character and extreme in degree as to go beyond the bounds of decency and be deemed utterly intolerable in a civilized society"). Plaintiff simply does not allege any facts which indicate that Ard's cooperation in the investigation and recovery of the stolen items was beyond all bounds tolerable by society.

Because Plaintiff's allegations do not meet the extremely high standard to allege extreme or outrageous conduct, Plaintiff's claim against Ard must be dismissed.

## B. Failure to Allege that Ard's Conduct Caused Severe Emotional Distress

Plaintiff's claim of intentional infliction of emotional distress against Ard fails for a second, independent reason: Plaintiff has failed to allege that Ard's conduct caused Plaintiff severe emotional distress.

With respect to this element, Plaintiff was required to allege facts that would allow a jury to conclude that Ard's conduct caused Plaintiff emotional distress and that such distress was severe. As for severity, "[t]he law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." *Casado v. Miami-Dade Cnty.*, 340 F. Supp. 3d 1320, 1332 (S.D. Fla. 2018); *Frias*, 823 F. Supp. 2d at 1289. That means the emotional distress must be of "such substantial quality or enduring quality that no reasonable person in a civilized society should be expected to endure it." *Brown v. Bellinger*, 843 F. App'x 183, 188 (11th Cir. 2021) (quoting *Kim v. Jung Hyun Chang*, 249 So. 3d 1300, 1305 (Fla. Dist. Ct. App. 2018)).

Plaintiff's complaint is devoid of any *facts* that Plaintiff suffered any emotional distress, much less severe emotional distress.[4] In fact, Plaintiff's sole allegation regarding the emotional distress that he suffered is "Ard . . . caused

---

[4] In response to the motion to dismiss, Plaintiff has included allegations regarding the severe distress he suffered. As discussed above, a plaintiff cannot amend his complaint through a response to a motion to dismiss. *Burgess*, 600 F. App'x at 665. Regardless, these additional allegations do not overcome Plaintiff's failure to allege the "extreme and outrageous conduct" element.

[Plaintiff] to suffer severe emotional distress." Doc. 9 ¶ 18. This allegation is—at most—simply a conclusory recital of the element. This is insufficient to state a claim upon which relief can be granted. For this second, independent reason, Plaintiff's claim for intentional emotional distress fails and must be dismissed.

C. **The District Court Should Not Grant Plaintiff Further Leave to Amend**

When a more carefully drafted complaint might state a claim for relief, a district court must afford a *pro se* plaintiff at least once chance to amend his complaint. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). This applies even when a plaintiff has not requested leave to amend until after final judgment. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). A district court, however, is not required to grant leave to amend when any amendment would be futile. *Id.* "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." *Silberman*, 927 F.3d at 1133 (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

It is obvious from the allegations of Plaintiff's second amended complaint and Plaintiff's response to the motion to dismiss that Plaintiff cannot allege sufficient facts that would indicate that Ard's conduct was extreme or outrageous. Because Plaintiff cannot allege an essential element of his claim, the District Court should deny Plaintiff leave to make a futile amendment of his second amended complaint.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT** Ard's motion to dismiss. Doc. 14.

2. **DISMISS** with prejudice Plaintiff's claim for intentional infliction of emotional distress against Defendant ARD Contracting, Inc.

3. Remit this case back to the undersigned to address Plaintiff's remaining claims against Defendants Powell, Gray, and Varner.

At Pensacola, Florida, this 8th day of June, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**