UNITED STATES DISTRICT COURT
for the
Northern District of Florida

Civil Division

| | | |
|---|---|---|
| Michael Grasso, an individual ) | | Case number   4:21-cv-310-WS/MJF |
| ) | | |
| Plaintiff ) | | |
| ) | | |
| vs ) | | |
| ) | | |
| Ard Contracting, an Alabama ) | | OPPOSITION TO DEFENDANT |
| Corporation,   Officer Dan Varner in his ) | | POWELL'S MOTION TO DISMISS |
| capacity as an FSU police officer, ) | | |
| Officer Nick(Last name unknown) in ) | | |
| his capacity as an FSU police officer, ) | | |
| WCSO Detective   Scott Powell ) | | |
| in his capacity as a Wakulla ) | | |
| County Sheriff's officer ) | | |
| Defendants. ) | | |

Jury Trial Demand

**OPPOSITION TO DEFENDANT POWELL'S MOTION TO DISMISS**

PLAINTIFF, Michael Grasso, hereby submits his opposition to DEFENDANT Powell's Motion to Dismiss Plaintiff's 2nd Amended Complaint and states the following in support of his position.

1. In Paragraph 5 Defendant Powell states count I and III because Plaintiff failed to comply with Florida's pre-suit notice requirements.

2. Plaintiff started writing emails and sending letters thru the USPS to Sheriff Jared Miller shortly after the events that are subject of this suit.  Sheriff Miller has ignored every single written correspondence from Plaintiff with the exception of ONCE having another officer respond to Plaintiff.

3. Plaintiff was told to come in and file a formal complaint against Defendant Powell and police would investigate his claims.



4. Instead of duly investigating Plaintiff's claims, the WCSO used this complaint to cover up for the actions of the police defendants. Without ever interviewing Plaintiff police investigators sent Plaintiff a letter stating his claims were unfounded and Defendants Powell, Varner and Gray acted legally because Plaintiff gave his consent to be searched.

5. After the sham investigation and written notice to Plaintiff, Sheriff Miller and all sheriff's officer, including the officer who conducted the so-called investigation, refused all correspondence from Plaintiff and directed Major Johnson to apparently be the only Sheriff's officer that will correspond with Plaintiff on any issue. And although he listens, he has never acted.

6. The fact is Plaintiff has only met and heard from Sheriff Jared Miller once in his life, even though he has sent him numerous correspondence and left several telephone messages. That one time was when Plaintiff was going to meet Major Johnson for the first time and went to the wrong building when Jared Miller told Plaintiff he was "At the right church, but in the wrong pew" and directed Plaintiff across the street. Until Plaintiff got across the street and saw Sheriff Miller's picture, he had no idea who the person was that directed him to "the proper pew." To this day Sheriff Miller still has never answered a single correspondence or telephone message from Plaintiff.

7. Plaintiff did send written notice of this suit to the only contact at the WCSO that Plaintiff could assure would receive his correspondence and potentially discuss it with him, Major Johnson. Plaintiff corresponded so much over this suit, pre-suit, with Major Johnson that plaintiff even sent him a copy of the very first complaint Plaintiff planned to file before this Court declined to accept it as originally written. Major Johnson responded and acknowledged receipt of said complaint and understood Plaintiff's intention to sue.

8. Defendant Powell states the case should be dismissed based on qualified or sovereign immunity. Plaintiff isn't going to pretend to understand all the nuances of qualified or sovereign immunity. It has been interpreted so widely and differently that that it seems it will be up to the discretion of this Court. But Plaintiff does understand that qualified immunity should never extend to

police defendants who violate the Constitutional rights of citizens without very serious circumstances. There was nothing that would have made these circumstances serious and Defendant Powell had no justifiable reason to violate Plaintiff's Constitutional rights and therefore these claims should not be dismissed for reasons of qualified immunity.

9. Police Defendants also told Plaintiff he would be listed as a victim because they confiscated the equipment and didn't reimburse Plaintiff. Plaintiff believes this to be a lie as well because the thief, Jamaal Monteque, has already been adjudicated and Plaintiff was never once notified of any proceedings or gotten any reimbursement.

10. Under Florida's victim's rights laws Plaintiff would have been notified by the state attorney had Defendant Powell been telling the truth and properly done his job. The truth is Defendants Powell, Varner and Gray enacted their own style of backwoods justice on Plaintiff with complete disregard for any of Plaintiff's civil rights and the purpose of this suit is to try and hold them accountable.

## ANALYSIS

11. When police investigators asked Plaintiff to file a written complaint so they could investigate the actions of Defendant Powell and FSU Police Defendants, Plaintiff obliged. Plaintiff was lulled into a false sense of security when he was told if he filed the complaint it would allow Plaintiff to have FSU police defendants questioned so Plaintiff could get some answers. Investigators, without ever interviewing Plaintiff, came up with the conclusion that Plaintiff was a liar and gave his consent to be searched, while being held in handcuffs under the pretense he was not being cooperative, according to statements made by Defendant Powell. Police sent their written report to Plaintiff.

12. These statements themselves are contradictory. In their written conclusion investigators made clear that the legality of Police Defendants' action, including Defendant Powell, hinged on whether or not Plaintiff gave his consent to have his belongings searched and confiscated. That would also be the crux in Plaintiff's case before this Court today.

13. Plaintiff has over a 40 year history of refusing searches, going all the way back to an illegal search and seizure in Wildwood Crest, NJ when Plaintiff was a teenager and shared an apartment that was illegally searched by police over a neighborhood disturbance that didn't involve Plaintiff at all.

14. In Plaintiff's only other time in Federal Court, circa 1996, Plaintiff sued a police department in Federal Court in Camden NJ for violating Plaintiff's rights and confiscating items in a warrant-less search. Plaintiff's history is to never give up his right against illegal search and seizure.

15. Never in Plaintiff's life has he consented to be searched, regardless of what he feels the outcome would be. Plaintiff has always been a believer in the US Constitution and valued his rights guaranteed by it and would never waive them for any reason.

16. There are many other examples in Plaintiff's personal history that show his reluctance to ever give consent to be searched any time anyone requests to search him or his belongings, including this past Christmas eve when an officer from WCSO stopped Plaintiff and ordered him out of his car to be searched for no explainable reason or probable cause. Plaintiff refused as usual. This occasion no search was conducted and Plaintiff's rights were respected by the WCSO deputy.

17. In his Defense to the internal affairs investigation, Defendant Powell stated that the reason for Plaintiff being put in handcuffs was that Plaintiff was being uncooperative. For Defendant Powell to then try to state Defendants Varner and Gray got consent to search Plaintiff's truck and phone is ludicrous. Plaintiff was being uncooperative, held in handcuffs and asking for an advocate, to no avail.

18. Plaintiff was aware the search was illegal but had no idea to the extent Police defendants would try to cover up that fact with an investigation that didn't investigate anything and allowed Police Defendants an opportunity to get their story straight among themselves.

19. Plaintiff preys This Court allows the case to go forward and denies Defendant Powell's motion to dismiss with prejudice.

Respectfully Submitted on ~~May 10~~ June 20, 2022 by,

*[signature]*

MICHAEL GRASSO
2017 Gardenbook Lane
Tallahassee, FL 32301
305-699-2020
email; pethead@aol.com

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of the Court, furnished to all counsel of record through the Court's CM/ECF electronic filing system, or served on Defendant via email and U.S. Mail this _____20_____ day of ___June___, 2022:

Jeremy C. Branning
Andrew M Spencer
CLARK PARTINGTON
PO Box 13010
Pensacola, FL 32591-3010

Michael Spellman
SNIFFEN and SPELLMAN
123 North Monroe St.
Tallahassee, FL 32301

Christopher Torres
PL-01 The Capitol
Tallahassee, FL 32399-1050

Michael Grasso / PLAINTIFF
2017 Gardenbook Lane
Tallahassee, FL 32301
305-699-2020
email; michaelgrasso6984@gmail.com