UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL GRASSO,

    Plaintiff,

v.                                                Case No.  4:21-cv-310-WS/MJF

DET. TYLER VARNER, *et al.*,

    Defendants.
_____/

## INITIAL SCHEDULING ORDER

Plaintiff, proceeding *pro se*, filed a second amended complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. Doc. 9. The District Court denied Defendants' motions to dismiss as to Plaintiff's claims that Defendants unlawfully seized Plaintiff's cell phone and unlawfully searched Plaintiff's cell phone and storage unit. Docs. 60, 61.

Rule 1 of the Federal Rules of Civil Procedure requires a "just, speedy, and inexpensive determination of every action." To accomplish that purpose, and in accordance with Rule 16(b) of the Federal Rules of Civil Procedure and Rule 16.1 of the Local Rules, it is **ORDERED** as follows:

**(1) Answer. On or before March 24, 2023,** Defendants shall file an answer to Plaintiff's second amended complaint. Fed. R. Civ. P. 12(a)(4).

**(2) <u>Discovery Period.</u>** The deadline to complete discovery is **June 9, 2023**.[1] The Rules of Civil Procedure set out explicit time limits for responses to discovery requests. If Plaintiff or counsel for Defendants cannot respond on time, this fact should be communicated by the most expeditious means to opposing counsel or the opposing party. If consent to an extension of time cannot be obtained, a motion requesting the same should be immediately filed and served. In the meantime, no motion to compel a response shall be filed. The parties may stipulate, without court approval, to extend a deadline for responding to a specific discovery request or for making a Federal Rule of Civil Procedure 26 disclosure if the extension does not interfere with the time set for any of these: completing discovery, submitting or responding to a motion, or trial. *See* N.D. Fla. Loc. R. 6.1. If an extension of time requires court approval, no extension will be granted except for good cause and upon showing of diligence. *See* Fed R. Civ. P. 6(b).

The filing of motions **SHALL NOT** operate to toll or extend the discovery cut-off date set forth in this paragraph.

**(3) <u>Rule 26 Requirements.</u>** This Initial Scheduling Order is entered prior to the meeting of parties and the filing of the joint report required under Federal Rule of Civil Procedure 26, so that discovery may proceed expeditiously and without

---

[1] **To be considered timely, a request for discovery materials from a party must be served at least thirty (30) days prior to the end of the discovery period.**

unnecessary delay. Modifications may be made to this order upon consideration of the parties' joint report. The following will be required of all parties to this litigation:

      **(a)** **Conference of Parties and Filing of Joint Report.** Counsel of record and any unrepresented parties shall confer (personally, by phone, or electronically) within **30 days** from the date of this order, as required by Rule 26(f), and the joint report to the court (*see* Fed. R. Civ. P. App. Form 52[2]) shall be filed within **14 days** thereafter. Plaintiff shall initiate arrangements for the conference and filing of the report, but the court will hold all parties equally responsible for ensuring that the conference is held and the report is filed as required. If the parties are unable to agree, each party's position shall be set out in the filed joint report. In addition to the matters set out in Rule 26(f), the following shall also be discussed at the conference and specifically addressed in the joint report:

      (i) The matter of magistrate-judge jurisdiction over the case. Consenting to have a Magistrate Judge conduct proceedings may result in a speedier resolution of this case. Consenting to have a Magistrate Judge preside over a jury trial does not prevent the parties from having the jury decide the case. In accordance

---

[2] In December 2015, Congress abrogated Federal Rule of Civil Procedure 84 and the Appendix of Forms. *See* Fed. R. Civ. P. 84, advisory committee note to 2015 amendment (noting that because "there are many alternative sources for forms . . . Rule 84 and the Appendix of Forms are no longer necessary and have been abrogated"). Form 52, however, remains a useful guide for parties drafting a joint report.

with Local Rule 73.1(A), the parties are directed to confer regarding their willingness to consent to magistrate-judge jurisdiction, and the joint report should reflect this discussion. The joint report, however, should state <u>only</u> that the parties have conferred regarding this issue. The parties may withhold consent if they so choose. Under no circumstances should the parties indicate their respective positions on the matter of consent in the joint report.

If <u>all</u> parties, after conferring with one another, elect to consent to magistrate-judge jurisdiction, the attached consent form should be signed by <u>all</u> parties and filed with the clerk of the court. It shall be Plaintiff's responsibility to forward the form to Defendant(s), who, in turn, shall have the responsibility of filing the document. The form should be filed <u>only</u> if <u>all</u> parties have consented and signed the form. **If <u>any</u> party elects not to consent, the form should not be returned**.

(ii) The nature and basis of all claims and defenses, and a good-faith attempt to identify the principal factual and legal issues in dispute.

(iii) The possibility for prompt settlement or resolution of the case, and whether mediation (or any other alternative-dispute-resolution process) might be helpful in settlement, either now or after certain limited discovery has taken place.

(iv) Proposed timetables and cutoff dates for the joinder of other parties, amendments to the pleadings, the filing of motions and responses, and in

particular, whether this initial scheduling order should be revised or amended in any way.

(v) The parties' respective discovery requirements in this case, and if the parties deem this Initial Scheduling Order to be inadequate, they shall develop an alternate proposal that specifically addresses the timing and form of discovery; whether discovery should be conducted in phases or limited in any respect; and what, if any, changes should be made in the discovery procedures and time deadlines set out in this initial scheduling order, or in the applicable rules.

(vi) Whether any party likely will request or produce information from electronic or computer-based media. If so, the parties shall disclose:

1. whether discovery will be limited to data reasonably available to the parties in the ordinary course of business (absent a showing of good cause, the court will not require the production of back-up or historic legacy data, nor will it require the production of data that is not necessarily available in the ordinary course of business in a reasonably usable form);

2. the anticipated scope of data sought, cost and time required for its disclosure or production, and who will bear discovery cost;

3. the format and media agreed to by the parties for the production of any electronic or computer-based data, as well as agreed procedures for such production;

      4. whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

      5. whether procedures are in place to prevent inadvertent production of privileged information; and

      6. other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

    (vii) A good-faith estimate as to when the parties believe the case will be ready for trial (month and year). This date will be set out in the joint report, and if it is not within **8 months** from the date of this order, an explanation must be included.

    (viii) Any other matters that the parties deem appropriate with regard to specific aspects or the uniqueness of this case, including any applicable subject within Rule 16(c).

    (ix) The parties are directed to inform the court in their joint report if it appears that this case should be made subject to the Manual for Complex Litigation.

    **(b)** **<u>Rule 26(a)(1) Disclosures</u>.** The disclosures required by Rule 26(a)(1) shall be provided (unless otherwise stipulated), without awaiting a

discovery request, to all other parties within **14 days** from the date of the parties' meeting required under Rule 26(f).

**(c)** **Rule 26(a)(2) Disclosures.** Rule 26(a)(2) disclosures of expert witnesses and their opinions shall be made by Plaintiff within **60 days from the date of this Initial Scheduling Order**, and by Defendant(s) within **30 days** thereafter. Other parties' (if any) disclosures under Rule 26(a)(2) shall be within **30 days** after the disclosure made by the opposing party. Expert witnesses not timely disclosed as required by Rule 26(a)(2), or whose opinions have been significantly modified or changed after discovery has ended, will normally not be permitted to testify at trial.

**(d)** **Rule 26(a)(3) Disclosures.** Rule 26(a)(3) disclosures are not required at this time. The court will enter an order after the completion of discovery which will set a pretrial conference and will specify the parties' comprehensive trial disclosure and preparation requirements.

**(4)** **Additional Court Action or Scheduling Conference.** The court will promptly consider the parties' filed joint report, and will take one of the following courses of action within **14 days** thereafter:

(a) Enter a final scheduling order by modifying this Initial Scheduling Order as the presiding judge deems appropriate in light of the parties' joint report, or by adopting the parties' report, or by confirming the requirements of this order.

(b)  Set the matter for a Rule 16 scheduling conference, either for the attorneys' (and any unrepresented parties') personal attendance, or to be conducted by telephone. A final scheduling order will be entered thereafter.

(c)  If the court takes no action within **14 days** from the filing of the joint report, this Initial Scheduling Order will continue in full force and effect until some further order of this court.

(d)  If any party so requests by motion, a scheduling conference or preliminary pretrial conference may be held to address any of the matters set out in Rule 16(a), (b), and (c) of the Federal Rules of Civil Procedure.

**(5)  Interrogatories.** The number of interrogatories is governed by Rule 33(a) of the Federal Rules of Civil Procedure.

**(6)  Schedule of Pretrial Matters.** In accordance with Rule 16(b) of the Federal Rules of Civil Procedure, the following schedule shall apply to this case, unless excluded by N.D. Fla. Loc. R. 16.1, or unless any party shall file an objection or request for a different schedule within **45 days** from the date of this order, viz.:

(a)  Joinder of other parties and amendments of pleadings shall be accomplished by the service and filing of the appropriate motions or pleadings within the time required by the Federal Rules of Civil Procedure or the Local Rules, except as noted below.

(b) All motions and responses shall be served and filed within the time required by the Federal Rules of Civil Procedure or the Local Rules.

(c) Dispositive motions—including motions to dismiss, motions for summary judgment, and any motion asserting an affirmative defense—shall be filed as promptly as possible, with due regard for the discovery needs of the party opposing the motion, but, unless otherwise permitted by court order, **not later than 21 days** after the close of discovery.

(d) Unless otherwise ordered by the court, no motions to compel discovery may be filed after the close of discovery.

(e) Motions filed may be disposed of without a hearing. N.D. Fla. Loc. R. 7.1.

(f) If the rules and this order do not provide a time for the filing or service of motions or pleadings, then such motions or pleadings shall be served and filed within the period provided for the completion of discovery.

**(7) <u>Discovery Obligations</u>.** The Federal Rules of Civil Procedure set out explicit time limits for responses to discovery requests. If a party cannot respond on time, this fact should be communicated by the most expeditious means to opposing counsel; and if consent to an extension cannot be obtained, a motion requesting the same should be immediately filed and served. In the meantime, no motion to compel

a response shall be filed. Stipulations extending the time for responses to discovery may be made only as authorized by Fed. R. Civ. P. 29 and N.D. Fla. Loc. R. 6.1.

(8) **Rule 37 Awards of Expenses.** The court will ordinarily award attorney's fees for time spent in filing (and arguing) a motion to compel if such a motion is necessary to make the recalcitrant party respond, or for time spent in opposing (and arguing) such a motion that is found to be unnecessary or without basis. Certification of all discovery requests, responses, and objections is required under Fed. R. Civ. P. 26(g), and violations thereof will be subject to sanctions.

(9) **Resolution of Discovery Controversies.** Counsel and *pro se* parties must attempt to resolve discovery controversies without the court's intervention. The court will entertain a motion with respect to matters that remain in controversy only if, after consultation and sincere attempts to resolve differences, counsel are unable to reach an accord. Any motion filed shall include certification that such attempts have been made, in accordance with Local Rule 7.1(B) and Federal Rule of Civil Procedure 37(b), and shall be in the form required by Local Rule 26.1(D). Counsel's attention is also directed to the supplementation requirements of Rule 26(e) and their obligations under Rule 26(g), as well as counsel's potential liability for excessive costs under Title 28, United States Code, Section 1927.

(10) **Attorney's Fee Records.** In any proceeding in which a party is seeking attorney's fees from the opposing party to be awarded by the court pursuant to a

statute, contract, or law, the party seeking such an award of attorney's fees shall maintain a complete, separate, and accurate record of time (to the nearest l/10 of an hour) devoted to the particular action, recorded contemporaneously with the time expended, for each attorney and each specific activity (*i.e.* not just "research" or "conference") involved in the action.

The court no longer requires the monthly filing of attorney's fee records; the records are to be filed only when necessary to decide a motion for a fee award. *See* N.D. Fla. Loc. R. 54.1. A motion for an award of attorney's fees and related non-taxable expenses should be made in accordance with Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54.1. The deadline for moving for a determination of entitlement to fees is 14 days after the entry of the judgment or, if there is no judgment, 14 days after the case is closed. N.D. Fla. Loc. R. 54.1(B).

**(11) <u>Summary Judgment Motions</u>.** Any motion for summary judgment filed pursuant to Rule 56 (or Rule 12(b)(6) which requires reference to matters outside the pleading) of the Federal Rules of Civil Procedure, shall be accompanied by a supporting memorandum that complies with the form and length requirements of Local Rule 56.1(B). The memorandum must include a statement of facts generally in the form that would be appropriate in an appellate brief. The statement of facts shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied-upon material fact, by page, paragraph, number, or other

detail sufficient to permit the court to readily locate and check the source. The court may, <u>but need not</u>, consider record evidence that has not been properly cited. N.D. Fla. Loc. R. 56.1(F).

The party opposing a motion for summary judgment shall, in addition to other papers or matters permitted by the rules, file and serve an opposing memorandum and any opposing evidence not already in the record. The memorandum must respond to the moving party's statement of facts as would be appropriate in an appellate brief and must comply with the requirements of Local Rule 56.1(C).

**(12) <u>Non-Filing of Rule 26 Disclosures and Discovery Materials</u>.** In accordance with Federal Rule of Civil Procedure 5(d), the parties shall serve but shall not file with the clerk of the court copies of disclosures under Federal Rules of Civil Procedure 26(a)(1) and 26(a)(2) or discovery materials (including notices of deposition, deposition transcripts, interrogatories, responses to interrogatories, production requests, responses to production requests, admission requests, or responses to admissions requests), unless and until needed for consideration of pending motions by the court. The parties need not serve **and shall not file with the clerk of the court** separate notices of serving interrogatories or interrogatory responses, notices of serving production requests or responses, or notices of serving admissions requests or responses.

**(13)** **Electronic Filing.** Each party represented by an attorney is **required** to file documents electronically, not in paper form, with limited exceptions. Compliance with this requirement is mandatory. Paper filings are a burden on the clerk of the court, delay the transmission of the documents to the judge, and waste the judge's time. The clerk of the court is directed to report to the judge for appropriate action any paper filings in this matter that occur more than 14 days after the date of this order.

**(14)** **Disclosure Statement.** Each nongovernmental corporate party must file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation. The deadline for filing the statement is set forth in Federal Rule of Civil Procedure 7.1, and, if not filed sooner, the statement must in any event be filed within **14 days** of the date of this order. A supplemental statement must be filed upon any change in the information that the statement requires.

**(15)** **Amendments.** This order may be amended by the court on its own motion or upon motion of any party.

**SO ORDERED** this 10th day of March, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**