UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MICHAEL GRASSO,**

    **Plaintiff,**

vs.　　　　　　　　　　　　　　Case No.: 4:21-cv-310-WS/MFJ

**ARD CONTRACTING,** *et al.***,**

    **Defendants.**

_____/

### DEFENDANTS VARNER AND GRAY'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants TYLER VARNER (VARNER) AND NICHOLAS GRAY (GRAY) pursuant to Rule 12, Federal Rules of Civil Procedure, submit through undersigned counsel the following answers and defenses to Plaintiff's Second Amended Complaint [Doc. #9] and further state:

1.　Admitted only insofar as this paragraph states Plaintiff was in possession of property stolen from Ard Contracting, Inc. and was aware of the theft on July 29, 2019, otherwise denied.

2.　Admitted only insofar as this paragraph states Plaintiff was in possession of property stolen from Ard Contracting, Inc. on July 29, 2019, that the value of the property was in excess of $6,000, and that Plaintiff claims he paid $150.00 for the item, otherwise denied.

3. Admitted that Ard Contracting, Inc. claimed other property had been stolen in addition to the Total Station, otherwise without knowledge, therefore, denied.

4. Without knowledge, therefore denied.

5. Without knowledge, therefore denied.

6. Without knowledge, therefore denied.

7. Without knowledge, therefore denied.

8. Admitted Defendants VARNER and GRAY did not contact Plaintiff prior to August 2, 2019, otherwise, without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

11. Admitted that Defendants VARNER and GRAY were in plain clothes when they met with Plaintiff on August 2nd, 2019, otherwise denied.

12. Without knowledge, therefore denied.

13. Denied.

14. Admitted that Plaintiff was briefly detained in handcuffs after refusing to return property in his possession which he knew was stolen, otherwise, denied.

15. Denied.

16. Denied.

### COUNT ONE:  Intentional Infliction of Emotional Distress Against Defendants Ard, Powell, Varner and Gray

17-22.   Per the Court's Order [Doc. #61], Count One of the Plaintiff's Second Amended Complaint was dismissed.

### COUNT TWO – Illegal Search and Seizure against Defendants Powell, Varner and Gray

### (Plaintiff's Individual-capacity Claims against Defendants VARNER and GRAY for Search and Seizure claims relating to Plaintiff's Storge Unit and Phone only).

23.   Without knowledge, therefore denied.

24.   Denied.

25.   Denied.

26.   Denied.

27.   Denied.

28.   Denied.

### COUNT THREE- False Imprisonment Under Florida Law against Defendants Powell, Varner, and Nick

29-35.    Per the Court's Order [Doc. #61], Count Three of the Plaintiff's Second Amended Complaint was dismissed.

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, Defendants VARNER and GRAY would state that at the time and place alleged in the Complaint, the Plaintiff consented to any all searches and or seizures of property.

### SECOND AFFIRMATIVE DEFENSE

As a second and further affirmative defense, Defendants VARNER and GRAY would state that all injuries or damages sustained by the Plaintiff were caused by third parties, agencies, persons or forces or instrumentalities outside and beyond the control of these Defendants.

### THIRD AFFIRMATIVE DEFENSE

As a third and further affirmative defense, Defendants VARNER and GRAY would state that any recovery by the Plaintiff must be reduced to the extent of benefits paid or payable to Plaintiff from collateral sources as specified by statute.

### FOURTH AFFIRMATIVE DEFENSES

As a fourth and further affirmative defense Defendants VARNER and GRAY would state that they are entitled to an apportionment of damages in relation to the degree of fault of all parties, including the Plaintiff in this action.

## **FIFTH AFFIRMATIVE DEFENSE**

As a fifth and further affirmative defense, Defendants VARNER and GRAY would state that any damages suffered by Defendant are de minimis in nature.

## **SIXTH AFFIRMATIVE DEFENSE**

As a sixth and further affirmative defense, Defendants VARNER and GRAY would state that they are entitled to Qualified Immunity.

Defendants VARNER and GRAY hereby reserve the right to amend and supplement their Affirmative Defenses as Discovery is ongoing.

WHEREFORE, Defendants VARNER and GRAY demand a jury trial of all issues so triable.

Respectfully submitted,

ASHLEY B. MOODY
ATTORNEY GENERAL

*/s/ Christopher Torres*
Christopher Torres
Assistant Attorney General
Florida Bar No.: 479209

Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3300
Christopher.Torres@myfloridalegal.com
joann.mrazek@myfloridalegal.com
steven.holcomb@myfloridalegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed through the Court's CM/ECF system which will provide electronic service to all counsel of record and via U.S. Mail to Plaintiff Michael Grasso, 2017 Gardenbrook Lane, Tallahassee, FL 32301 this 23rd day of March 2023.

*/s/ Christopher Torres*
Christopher Torres