## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**MICHAEL GRASSO,**

    **Plaintiff,**

**v.**                                **Case No.: 4:21-cv-310-WS/MJF**

**ARD CONTRACTING, an Alabama
Corporation, DAN VARNER in his
capacity as an FSU police officer, NICK
(LAST NAME UNKNOWN) in his
capacity as an FSU police officer, SCOTT
POWELL in his capacity as WCSO deputy,**

    **Defendants.**

_____/

## DEFENDANT SCOTT POWELL'S
## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendant**, SCOTT POWELL, in his capacity as Wakulla County
Sheriff's Office Deputy** ("Defendant," "Sergeant Powell," or "Powell"), through
undersigned counsel, responds to Plaintiff's Second Amended Complaint (Doc. 9)
in corresponding paragraphs as follows:

## I.      <u>THE PARTIES TO THE COMPLAINT</u>

Sergeant Powell admits that Plaintiff has named him in this lawsuit as
Defendant No. 4 but denies that Plaintiff's remaining claim against him has any
merit whatsoever, or that Plaintiff is entitled to any relief.

## II.    <u>BASIS FOR JURISDICTION</u>

Sergeant Powell admits that this lawsuit sets forth a cause of action against him for an alleged constitutional violation through 42 U.S.C. §1983 for jurisdictional purposes only. Sergeant Powell denies that diversity of citizenship exists.

## III.    <u>STATEMENT OF CLAIM</u>

1.    Defendant is without knowledge as to and therefore denies these allegations.

2.    Defendant is without knowledge as to and therefore denies these allegations.

3.    Defendant is without knowledge as to and therefore denies these allegations.

4.    Defendant is without knowledge as to and therefore denies these allegations.

5.    Defendant is without knowledge as to and therefore denies these allegations.

6.    Defendant is without knowledge as to and therefore denies these allegations.

7.    Defendant is without knowledge as to and therefore denies these allegations.

8.     Defendant is without knowledge as to and therefore denies these allegations.

9.     Defendant denies that he unlawfully detained and searched Plaintiff or humiliated him on the side of the road, and is without knowledge as to, and therefore denies, the remaining allegations.

10.     Defendant is without knowledge and therefore denies these allegations.

11.     Defendant denies he handcuffed Plaintiff and is without knowledge as to, and therefore denies, the remaining allegations.

12.     Defendant is without knowledge as to, and therefore denies, these allegations.

13.     Defendant denies handcuffing Plaintiff. Defendant admits he told Plaintiff if he did not cooperate, he could be arrested and his dog would then be placed in an animal shelter. Defendant denies threatening that Plaintiff's dog would be euthanized. As to the remaining allegations, Defendant does not respond as they are not directed towards him and therefore a response is not required. To the extent a response is required, the remaining allegations are denied.

14.     Defendant admits Plaintiff's handcuffs were removed for Plaintiff to open the storage unit but is without knowledge as to and therefore denies whether he removed the handcuffs. Defendant is without knowledge as to the reason why he showed law enforcement how to access messages on his phone, and therefore denies,

3

this allegation. Defendant does not respond to the allegation not directed towards him as a response is not required, but to the extent a response is required, the allegation is denied.

15.    Defendant is without knowledge and therefore denies these allegations.

16.    Defendant is without knowledge as to, and therefore denies, the allegations related to Plaintiff's conversations with Detective Wester or Plaintiff receiving any money. Defendant admits Plaintiff came to the police station on his own accord but denies the remaining allegations.

## COUNT I: Intentional Infliction of Emotional Distress
### Against Defendants Ard, Powell, Varner, and Nick

17.–22.  Pursuant to this Court's Orders (Docs. 60 and 61), adopting the Magistrate Judge's Reports and Recommendations (Docs. 57 and 58), Plaintiff's claims for intentional infliction of emotional distress have been dismissed.

## COUNT II: Illegal Search and Seizure against
### Defendants Powell, Varner, and Nick

23.    Defendant is without knowledge as to, and therefore denies, these allegations.

24.     Defendant denies these allegations.

25.     Defendant does not respond to this allegation, as it is not directed towards him and therefore, a response is not required. To the extent a response is required, the allegation is denied.

4

26.     Defendant denies confiscating or searching Plaintiff's phone. Defendant is without knowledge as to, and therefore denies, the remaining allegations.

27.     Defendant denies illegally detaining Plaintiff. Defendant does not respond to the remaining allegations as they are not directed towards him, and therefore, a response is not required. To the extent a response is required, the remaining allegations are denied.

28.     Defendant denies these allegations.

## COUNT III: False Imprisonment Under Florida Law against Defendants Powell, Varner, and Nick

29.-35. Pursuant to this Court's Orders (Docs. 60 and 61), adopting the Magistrate Judge's Reports and Recommendations (Docs. 57 and 58), Plaintiff's claims for false imprisonment have been dismissed.

## IV.     RELIEF

Defendant admits that Plaintiff purports to be seeking "general," "special," and punitive damages, but denies that Plaintiff is entitled to any relief whatsoever.

## JURY TRIAL DEMAND

Defendant demands a trial on all issues so triable.

## GENERAL DENIAL

Defendant Powell denies all allegations of the Second Amended Complaint that have not been specifically admitted herein.

5

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     Sergeant Powell denies that he, at any time, searched the contents of Plaintiff's cell phone.

2.     Plaintiff failed to state a claim for a cause of action under the Fourth Amendment as to Powell's alleged search of Plaintiff's cell phone. Plaintiff stated he "acquiesced" and instructed law enforcement how to find certain messages on his phone. Plaintiff did not allege that he gave this information to police because of any conduct, threat or force by the police. Plaintiff alleged he feared the police would delete messages that could clear his name. However, Plaintiff's fear was not based on any conduct by any threat or coercion by a Defendant. Thus, Plaintiff has waived any cognizable claim under the Fourth Amendment.

3.     Actions attributable to Sergeant Powell at worst constitute mere negligence which fail to state a claim for violation of an individual's civil or constitutional rights under 42 U.S.C. § 1983.

4.     At all times pertinent hereto, Sergeant Powell was acting within the scope of his employment as a law enforcement officer employed by the Wakulla County Sheriff's Office. Sergeant Powell's actions were taken pursuant to his discretionary authority, and his conduct did not violate any clearly established statutory or constitutional right of which a reasonable person would have known. Furthermore, at all times material, Sergeant Powell acted in good faith, reasonably

and without malice in the course and scope of his duties towards Plaintiff. Thus, he is entitled to qualified immunity for the claim made against him.

5.      No state or federally protected rights of Plaintiff have been infringed or violated.

6.      There is no clearly established authority which imposes a duty on an officer to intervene on another officer's unconstitutional search. Therefore, to the extent, if at all, Plaintiff is seeking to hold Powell liability for the conduct of the other officers' search of his cell phone, Powell is protected by qualified immunity.

7.      Defendant affirmatively alleges and asserts that Plaintiff has not alleged any actual injury, and therefore, is not entitled to any damages.

8.      Plaintiff's alleged injuries, if any, or too speculative to ascertain their causes.

9.      Plaintiff's alleged injuries, if any, were proximately caused by actions of others and were such separate intervening and superseding causes thereof as to absolve Powell of any responsibility or liability.

10.     Plaintiff may have failed to use reasonable and proper efforts to mitigate damages.

11.     Any injurious results about which Plaintiff complains of, of which Plaintiff has not described, were the result of Plaintiff's own actions or omissions.

12.     Plaintiff is not entitled to punitive damages.

WHEREFORE, having fully answered the surviving claim in Plaintiff's Second Amended Complaint, and having set forth the defenses and affirmative defenses thereto, Defendant moves for judgment in his favor on Plaintiff's remaining claim against him, and requests the awarding of all costs and fees, including those recoverable under Rule 11 and 28 U.S.C. §1927, as well as all other relief this Court deems appropriate.

Respectfully submitted this 24th day of March, 2023.

Respectfully submitted,

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN**
Florida Bar No. 937975
mspellman@sniffenlaw.com
**CHRISTEN ANN PETRUZZELLI**
Florida Bar Number: 1039528
cpetruzzelli@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone (850) 205-1996
Facsimile: (850) 205-3004
*Attorneys for Defendant*
*Deputy Scott Powell*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 24th day of March, 2023, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Northern District of Florida, Tallahassee Division using the CM/ECF system which will send a notice of electronic filing to all counsel of record, and via U.S. Mail to:

Michael Grasso
2017 Gardenbrook Lane
Tallahassee, Florida 32301

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN**