UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL GRASSO,

    Plaintiff,

v.                                            Case No.  4:21-cv-310-WS/MJF

TYLER VARNER, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before this court on Plaintiff's motion for voluntary dismissal of his claims against Tyler Varner and Nicholas Gray. Doc. 84. Plaintiff also filed a stipulation of dismissal of his claims against Varner and Gray, which was signed only by Plaintiff, Varner, and Gray. Doc. 83. It appears, however, that this stipulation is not effective insofar as it was not signed by all parties who have appeared in this case. *See Hardnett v. Equifax Info. Servs., LLC*, No. 21-13195, 2023 WL 2056285, at *1 (11th Cir. Feb. 17, 2023). For the reasons set forth below, the undersigned recommends that the District Court grant Plaintiff's motion and dismiss with prejudice Plaintiff's claims against Varner and Gray.

## I. Background

Plaintiff commenced this action against three law enforcement officers for alleged violations of his Fourth-Amendment rights.[1] Doc. 1. On March 10, 2023, the District Court granted in part and denied in part Defendants' motions to dismiss. Docs. 60, 61. On March 23, 2023, Tyler Varner and Nicholas Gray filed their answer. Doc. 64. On March 24, 2023, Scott Powell filed his answer. Doc. 65.

On April 19, 2023, Plaintiff filed a notice of settlement indicating that he had settled his claims against Varner and Gray. Doc. 76. On June 6, 2023, Plaintiff filed a motion for voluntary dismissal with prejudice as to his claims against Defendants Varner and Gray, Doc. 83, and a stipulation of dismissal of his claims against Defendants Varner and Gray that was signed by Plaintiff, Varner, and Gray. Although more than fourteen days have passed since Grasso filed his motion, Powell had not responded to the motion.

## II. Discussion

"[A]n action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[I]n most cases, a voluntary dismissal [under Rule 41(a)(2)] should be granted unless the defendant

---

[1] Grasso also sued Ard Contracting Inc. ("Ard") for intentional infliction of emotional distress. On July 8, 2022, the District Court granted Ard's motion to dismiss and dismissed Grasso's claim against Ard. Doc. 46.

will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Potenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)). The primary purpose of Rule 41(a)(2) is "to prevent voluntary dismissal which unfairly affect the other side." *McCants*, 781 F.2d at 856. Accordingly, the central question is whether the defendant "would lose any substantial right by the dismissal." *Id.*

Based on the stipulation of dismissal, it appears that Varner and Gray have no objection to the dismissal with prejudice of Plaintiff's claims against them. Further, Powell has not objected to Plaintiff's request that the claims against Varner and Gray be dismissed with prejudice. It also appears that dismissal would not result in prejudice to Powell. Therefore, dismissal under Rule 41(a)(2) of Plaintiff's claims against Varner and Gray would be appropriate.

### III. CONCLUSION

For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT** Plaintiff's motion to dismiss his claims against Varner and Gray, Doc. 83.

2. **DISMISS** with prejudice Plaintiff's claims against Defendants Tyler Varner and Nicholas Gray.

3.     **REFER** this case back to the undersigned to address Plaintiff's remaining claim against Scott Powell.

At Pensacola, Florida, this 7th day of July, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**